820 F.2d 405
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
BANCOHIO NATIONAL BANK, Plaintiff,
Joseph E. and Dola Ann Davis, Defendants-Third Party
Plaintiffs/Appellants,
v.
SMALL BUSINESS ADMINISTRATION, Third-Party Defendant/Appellee.
 No. 86-3470.
 United States Court of Appeals, Sixth Circuit.
 June 9, 1987.
 
 Before KRUPANSKY and GUY, Circuit Judges, and GILMORE, District Judge.*
 PER CURIAM.
 
 
 1
 The defendants, Joseph and Dola Ann Davis (Davis), were the recipients of a $160,000 loan from BancOhio which was guaranteed by the Small Business Administration (SBA). The loan was actually made by BancOhio to Capital Pathology Laboratory, Inc., a corporation of which Joseph Davis was the president and shareholder. The loan went into default and BancOhio proceeded against Davis on the guaranty as well as through foreclosure proceedings on a mortgage deed covering the Davis home which Davis had given to secure the guaranty.
 
 
 2
 Davis answered the suit and filed a counterclaim. Davis also filed a third-party complaint against the SBA claiming that "[t]he Small Business Administration has guaranteed ninety percent of said debt but fails and refuses to pay the plaintiff for such ninety percent guarantee." (Third-party complaint, App. 42)
 
 
 3
 The SBA moved to dismiss for failure to state a claim upon which relief could be granted. In response to that motion, Davis filed a brief which supplied some detail to the very general allegations of the third-party complaint. The Davis brief indicated that relief was sought against the SBA because it failed to comply with the federal truth in lending laws and that since Davis paid the SBA a fee for its guaranty of the loan--the SBA was obligated to pay the loan balance to BancOhio.
 
 
 4
 Judge Holschuh in a well reasoned opinion granted the motion to dismiss. We agree with the reasons set forth by Judge Holschuh and affirm on the basis of his opinion as further briefly supplemented herein.
 
 I.
 
 5
 The SBA is authorized to participate in three different ways with persons seeking loans for qualifying small businesses. To those who can demonstrate they are simply unable to secure a commercial loan from a lending institution, the SBA may make a direct loan. 13 C.F.R. ch. 1, Sec. 120.3-1.
 
 
 6
 The SBA may also make an immediate participation loan in situations where a private lending institution will make a loan to an applicant if, immediately upon disbursement of the loan proceeds, the SBA will purchase an agreed percentage of the disbursement. 13 C.F.R. ch. 1, Sec. 120.3-3. In guaranty loan situations, the private lending institution makes the loan to the small business for the full amount and the SBA guarantees under either blanket or individuals agreements with the lending institution to purchase the note upon demand if it goes into default.
 
 
 7
 The SBA will not make any loan or guaranty unless the applicant can demonstrate that without SBA assistance no loan is privately available. Similarly, the SBA will make no direct loans if immediate participation or guaranty loans are available and will make no immediate participation loan if a deferred participation (guaranty) loan is available.
 
 II.
 
 8
 Davis argues on appeal that since the SBA and Davis are both guarantors of the loan, they are thus coguarantors and Davis at least has an action for contribution against the SBA as a coguarantor.[1] There are two reasons why this argument must fail. The first reason (one not addressed by the lower court or argued by the parties on appeal) is that the SBA regulations forbid the SBA from being in the position of a coguarantor. 13 C.F.R. ch. 1, Sec. 120.204-2(d) provides:[2]
 
 
 9
 (d) Guarantors. Guarantors of Financial Assistance, other than SBA, shall have no rights of contribution against SBA on a SBA guaranteed loan. SBA shall not be deemed to be a coguarantor with any other guarantors.
 
 
 10
 The SBA has clearly anticipated a contention such as is advanced here by Davis and provided by regulation against it. The guaranty documents also contain similar language.
 
 
 11
 Second, Davis' argument misperceives the role of the SBA in connection with the financial support they provide for small businesses. As can be seen from the three types of loan participations outlined above--the SBA is only to participate as a last resort when private funds are not available and then only to the degree necessary to induce private lenders to act. Just as the legislation contemplates no government assistance unless absolutely necessary, it also contemplates that private loan transactions which it stands behind will proceed in their normal course.
 
 
 12
 Here, BancOhio loaned money to a small closely held corporation whose principal, if not only, assets were what it purchased with the loan proceeds. Under such circumstances the lending institutions will insist on someone from the corporation (here Davis) becoming personally liable on the loan as well as providing additional collateral. When the loan defaulted and BancOhio pursued Davis this was consistent with normal banking practice and reasonably within the contemplation of the parties at the time the loan was made. If the SBA were to be looked to prior to the lending institution exhausting its normal collection procedures, the limited funds appropriated would be unnecessarily dissipated.
 
 
 13
 Finally, even if the SBA had stepped in and paid ninety percent of this loan, it would not help Davis. Pursuant to the terms of the agreement between BancOhio and the SBA, if SBA purchases a loan they then stand in the shoes of the bank with all the security and guarantees originally provided running to them. Thus, Davis would merely find himself being sued by the SBA instead of the bank.[3]
 
 
 14
 AFFIRMED.
 
 
 
 *
 Honorable Horace W. Gilmore, United States District Court, Eastern District of Michigan, sitting by designation
 
 
 [1]
 Davis appears to have abandoned his "truth in lending" claim on appeal and appropriately so since it is without merit
 
 
 [2]
 Since the parties did not discuss this section, there is no challenge made to its validity. We see no legal obstacle to the SBA conditioning its participation on such a provision
 
 
 [3]
 Davis' argument as it relates to the fact that he paid a fee for the guaranty and therefore the SBA should pay the loan is meritless. It is the bank that pays the fee to the SBA. 13 C.F.R. ch. 1, Sec. 120.104-1 provides in pertinent part:
 The Financial Institution shall pay a guaranty fee to SBA for each loan.
 ....
 (c) Who Pays. The Participating Lender is responsible for paying the guaranty fee to SBA. For guaranty loans having a maturity of 12 months or less, the lender (having paid the fee to SBA) may charge borrower for the guaranty fee upon approval of the loan by SBA. For guaranty loans with maturities exceeding 12 months, a Lender (having paid the guaranty fee to SBA and made the first disbursement on the loan) may charge the borrower for the guaranty fee. The borrower may use loan proceeds to pay the fee.
 The fee is simply the cost to the parties of securing SBA participation without which the loan would not be made. It does not change the legal obligations of the parties or impose any additional obligations on the SBA.